1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    INTEGRATIVE HEALTH INSTITUTE
     PLLC, *et al.*,
9
                          Plaintiffs,                    Case No. C20-1471-RAJ-MLP
10
          v.                                             REPORT AND RECOMMENDATION
11
     CHRISTINE SCHAFFNER, *et al.*,
12
                          Defendants.
13

14
15                          I.    INTRODUCTION
16        This matter is before the Court on Plaintiffs Integrative Health Institute PLLC (d/b/a

Sophia Health Institute), Sophia Nutrition LLC, Sophia Education LLC, KS Distributors LLC,
17
and Dr. Dietrich Klinghardt's ("Plaintiffs") Motion for a Preliminary Injunction ("Plaintiffs'
18
Motion"). (Pls.' Mot. (Dkt. # 28).) Plaintiffs' Motion seeks to enjoin Defendants Dr. Christine
19
Schaffner, Daniel Schaffner, Bella Fiore Klinik PLLC, Bella Fiore Organic Skin Care LLC, and
20
Bella Fiore Organics LLC ("Defendants") from: (1) the use and disclosure of Plaintiffs' trade
21
secret information; (2) the use of Dr. Klinghardt's name and likeness; and (3) to provide access
22
to Plaintiffs to Sophia Education LLC, Sophia Nutrition LLC, KS Distributors LLC's business
23

REPORT AND RECOMMENDATION - 1

1  and financial accounts, financial documents, QuickBooks, payment platforms, accounting

2  platforms, PayPal, payroll and Infusionsoft software. (*Id.* at 1.)

3     Having considered Plaintiffs' Motion, the parties' submissions, oral argument, the

4  governing law, and the balance of the record, the Court recommends Plaintiffs' Motion (dkt.

5  # 28) be DENIED.

6                          **II.    BACKGROUND**

7  **A.    Factual Background**

8     In 2010, Dr. Christine Schaffner and Dr. Dietrich Klinghardt began working together.

9  (Schaffner Decl. (Dkt. # 34) at ¶ 2.) At that time, Dr. Schaffner was a resident in naturopathic

10  medicine at the Comprehensive Medical Center in Kirkland, Washington and Dr. Klinghardt

11  worked at the same facility. (*Id.*)

12     On June 13, 2012, Dr. Klinghardt formed Sophia Health Institute ("SHI"). (Klinghardt

13  Decl. (Dkt. # 29) at ¶ 2.) In 2012, Dr. Klinghardt employed Dr. Schaffner and appointed her as

14  the manager of SHI. (*Id.*; Schaffner Decl. at ¶ 3.) In 2012, Daniel Schaffner, Dr. Schaffner's

15  husband, and Dr. Klinghardt formed Sophia Nutrition to sell dietary supplements. (Klinghardt

16  Decl. at ¶ 3.) Daniel Schaffner and Dr. Klinghardt are equal owners of Sophia Nutrition. (*Id.* at

17  ¶ 4.)

18     On April 30, 2013, Dr. Schaffner formed Bella Fiore Klinik, which provides similar

19  services as SHI. (Klinghardt Decl. at ¶ 5.) Dr. Schaffner is the sole owner of Bella Fiore Klinik.

20  (*Id.*) On July 29, 2015, Sophia Education was formed. (*Id.* at ¶ 6; Schaffner Decl. at ¶ 4.) On

21  August 7, 2017, KS Distributors was formed. (Klinghardt Decl. at ¶ 6; Schaffner Decl. at ¶ 5.)

22  Dr. Klinghardt and Dr. Schaffner were named as equal owners of both Sophia Education and KS

23  Distributors. (*Id.*)

REPORT AND RECOMMENDATION - 2

On September 8, 2020, Dr. Klinghardt fired Dr. Schaffner from her managerial position with SHI. (Klinghardt Decl. at ¶ 8; Schaffner Decl. at ¶ 15.) Dr. Klinghardt alleges, while Dr. Schaffner was still the manager of SHI, she was working with a former employee of SHI to migrate SHI's patient list and records to her own business entities. (Klinghardt Decl. at ¶ 24.) Dr. Klinghardt further alleges Dr. Schaffner has continued to use the Sophia entities and Dr. Klinghardt's name, recordings, handouts and likeness for her own use and promotion of her own business ventures. (*Id.* at ¶¶ 10-12.)

### B.    Procedural History

On February 25, 2021, Plaintiffs filed the instant motion. (Pls.' Mot.) On March 15, 2021, Defendants filed a response. (Defs.' Resp. (Dkt. # 32).) On March 19, 2021, Plaintiffs filed a reply. (Pls.' Reply (Dkt. # 37).) On April 2, 2021, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint (dkt. # 43) and on May 13, 2021, Defendants filed a Motion for Protective Order (dkt. # 54). This Court heard oral argument from the parties on May 26, 2021, and granted Plaintiffs' leave to file a second amended complaint and Defendants' protective order request. (Dkt. # 62.) This matter is now ripe for the Court's review.

### III.    DISCUSSION

A plaintiff seeking a preliminary injunction must show: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm if the preliminary injunction is not granted; (3) the balance of equities tips in its favor; and (4) an injunction is in the public's interest." *Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1054 (9th Cir. 2013) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). The moving party bears the burden of persuasion and must make a clear showing it is entitled to such relief. *Winter*, 555 U.S. at 22.

1    As an alternative to this test, a preliminary injunction may also be appropriate if "serious

2  questions going to the merits were raised and the balance of the hardships tips sharply" in the

3  moving party's favor, thereby allowing preservation of the status quo when complex legal

4  questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d

5  1127, 1134-35 (9th Cir. 2011). Nevertheless, the "serious questions" approach supports a court's

6  entry of a preliminary injunction only if the moving party also shows there is a likelihood of

7  irreparable injury and that the injunction is in the public interest. *Id.* at 1135.

8    Plaintiffs argue that Defendants should be enjoined from use and disclosure of Dr.

9  Klinghardt's name, likeness and trademark under Washington State's Personality Rights Act,

10  RCW 63.60. (*Id.* at 7.) Plaintiffs allege Defendants have sent promotional e-mails utilizing Dr.

11  Klinghardt's likeness on advertising and selling Sophia Nutrition inventory and products. (*Id.* at

12  8-10.) Plaintiffs additionally request Defendants be enjoined from the use and disclosure of

13  Sophia entities' trade secrets to solicit patients and customers. (*Id.* at 10-13.) Specifically,

14  Plaintiffs allege the customer and patient list of the Sophia entities are protected trade secrets and

15  that Defendants have changed or re-directed ownership of the Sophia entities' mailing list to

16  their own business entities. (*Id.* at 12.) Plaintiffs also allege Defendants have wrongfully

17  withheld login access from Dr. Klinghardt to the Sophia entities' YouTube, Instagram, and

18  Vimeo pages, as well as to the Infusionsoft software. (*Id.* at 13.) Finally, Plaintiffs argue Dr.

19  Klinghardt should be granted access to the Sophia entities' business and financial accounts,

20  financial documents, and payment platforms and accounting platforms based on the Sophia

21  Nutrition operating agreement. (Pls.' Mot. at 13-15.)

22    Defendants counter that Plaintiffs Motion should be denied because: (1) Plaintiffs'

23  Motion seeks injunctive relief based on claims not pled in the amended complaint; (2) Plaintiffs

cannot meet their burden to establish they are likely to succeed on the merits; (3) Plaintiffs have not pled, and cannot establish, irreparable harm; and (4) the balance of hardships favors denying Plaintiffs' motion in its entirety. (Def.'s Resp. (Dkt. # 32 at 1-2.) In the alternative, Defendants request Plaintiffs' Motion be stricken because Plaintiffs failed to engage in a good faith conferral before filing. (*Id.* at 2.)

Here, the Court finds Plaintiffs' Motion should be denied without prejudice. First, the Court notes Plaintiffs failed to engage in a good faith conferral with Defendants before filing its Motion. Per both the Honorable Richard A. Jones' Chambers Procedures, and this Court's Chamber Procedures:

> For all cases, except applications for temporary restraining orders, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation.

> The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

Pursuant to Local Rule 1(c)(6), "meet and confer" means a good faith conference in person, or by telephone, to attempt to resolve the matter in dispute without the court's involvement. "The Court and Federal and Local Rules have this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties." *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018).

1    In this case, Defendants note in their response that though the parties' engaged in a

2    "variety of conferences and conferral meetings on discovery issues, Plaintiffs did not attempt to

3    schedule any such conference" on their Motion. (*See* Defs.' Resp. at 21-22.) Furthermore, during

4    the Court's colloquy at oral argument, it was clear to the Court that no formal "meet and confer"

5    took place. (See dkt. # 62.) Plaintiffs additionally failed to file a declaration indicating the parties

6    engaged in a discussion or an attempt to eliminate the need for Plaintiffs' Motion. (*See* Pls.'

7    Mot.) As such, Plaintiffs' Motion should be stricken and denied without prejudice based on

8    Plaintiffs' failure to meet and confer before the submission of the instant motion.

9    Nonetheless, Plaintiffs' Motion should also be denied because it seeks injunctive relief

10    based on claims not pled in Plaintiffs' first amended complaint. "A court's equitable power lies

11    only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief

12    based on claims not pled in the complaint, the court does not have the authority to issue an

13    injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

14    2015). Specifically, the Ninth Circuit has previously noted:

15    [T]here must be a relationship between the injury claimed in the motion for
injunctive relief and the conduct asserted in the underlying complaint. This requires
16    a sufficient nexus between the claims raised in a motion for injunctive relief and
the claims set forth in the underlying complaint itself. The relationship between the
17    preliminary injunction and the underlying complaint is sufficiently strong where
the preliminary injunction would grant "relief of the same character as that which
18    may be granted finally.

19    *Id.* at 636 (quoting *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945)).

20    "Though new assertions of misconduct might support additional claims against a defendant, they

21    do not support preliminary injunctions entirely unrelated to the conduct asserted in the

22    underlying complaint." *Id.* (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

23

REPORT AND RECOMMENDATION - 6

Here, Plaintiffs' first amended complaint failed to assert claims for a violation of the Personality Rights Act, misappropriation of the Sophia entities' mailing list as a trade secret, or a claim specifically addressing Dr. Klinghardt's access to the Sophia entities' social media, business, and financial accounts.[1] (*See* Pls.' Am. Compl. at 9-18.) Likely recognizing the infirmity of the first amended complaint in this regard, Plaintiffs subsequently moved shortly after the filing of the Motion for leave to file a second amended complaint, which this Court has since granted. (Dkt. ## 43, 62.) Plaintiffs' second amended complaint now appears to articulate the claims underlying Plaintiffs' Motion. (*See* Pls.' Second Am. Compl. (dkt. # 64) at 18-21, 24-25, 28.) Nevertheless, Plaintiffs' second amended complaint was not the operative complaint when Plaintiffs' Motion was filed. Consequently, Plaintiffs' Motion should further be denied without prejudice on this basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends Plaintiffs' Motion (dkt. # 28) be DENIED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

---

[1] Plaintiffs' first amended complaint asserted a cause of action for an accounting of the Sophia entities' business records pursuant to RCW 25.15.136. (Pls.' Am. Compl. at 15-16.) However, Plaintiffs' Motion not only requests an accounting of records as contemplated by RCW 25.15.136, but direct access to social media, business, and financial accounts that Defendants use in the day-to-day operations of the Sophia entities. (*See* Pls.' Mot. at 13-15.)

REPORT AND RECOMMENDATION - 7

**fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 9, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to Judge Jones.

Dated this 21st day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8