UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTEGRATIVE HEALTH INSTITUTE
PLLC, *et al.*,

        Plaintiffs,

   v.

CHRISTINE SCHAFFNER, *et al.*,

        Defendants.

Case No. C20-1471-RAJ-MLP

ORDER

This matter comes before the Court on: (1) Defendants' Motion to Compel (dkt. # 94); (2) Plaintiffs' Motion to Compel (dkt. # 98); and (3) Defendants' Motion for Extension of Time (dkt. # 119). For the reasons previously stated on the record by the Court at the January 24, 2022 oral argument (dkt. # 139), the Court provides the following summary of its rulings:

(1) Defendants' Motion to Compel (dkt. # 94) is GRANTED in part and DENIED in part as follows:

    a. Defendants' Motion to Compel is DENIED as to the method, organization, and labeling of Plaintiffs' responsive production.

    b. Defendants' Motion to Compel as to Requests for Production Nos. 1 and 5 are GRANTED. Plaintiffs are ordered to supplement their production to

ORDER - 1

indicate that they have produced all of the documents, within Plaintiffs' care, custody, and control, and that are otherwise not privileged. Plaintiffs are directed to continue to provide supplemental production as required by the Fed. R. Civ. P. 26(e).

    c. Defendants' Motion to Compel as to Interrogatories Nos. 2, 3, 5, and 11 is GRANTED as follows:

        i. Plaintiffs shall supplement their response to Interrogatory No. 2 with a computation of their damages.

        ii. Plaintiffs shall supplement their response to Interrogatory No. 3 to identify the relevant operating agreements and have Dr. Dietrich Klinghardt ("Dr. Klinghardt") certify the response.

        iii. Plaintiffs shall supplement their response to Interrogatory No. 5 to identify the additional documents specified and have Dr. Klinghardt certify the response.

        iv. Plaintiffs shall supplement their response to Interrogatory No. 11 to identify the relevant contracts and have Dr. Klinghardt certify the response.

    d. Plaintiffs shall make the above-noted supplements to their responsive production and interrogatory responses no later than **February 7, 2022.**

    e. Defendants' Motion to Compel is DENIED as to attorney's fees.

\\

\\

ORDER - 2

1      (2)    Plaintiffs' Motion to Compel (dkt. # 98) is GRANTED in part and DENIED in
2 part as follows:

        a.    Plaintiffs' Motion to Compel is GRANTED as to the September 14, 2021 discovery requests to Dr. Christine Schaffner ("Dr. Schaffner") and Daniel Schaffner ("Mr. Schaffner"). Defendants Dr. Schaffner and Mr. Schaffner shall certify their responses to these requests, pursuant to Fed. R. Civ. P. 33(b), no later than **January 26, 2022**.

        b.    Plaintiffs' Motion to Compel is DENIED without prejudice as to Requests for Production Nos. 3-4 to Bella Fiore Klinik. Ms. Faryabi and Ms. Demmon are directed to meet and confer, and to come to an agreement as to the production of ESI in response to these requests, no later than **January 31, 2022.** *See* LCR 26(f)(1)(J) and (f)(3).

        c.    Plaintiffs' Motion to Compel is GRANTED as to Plaintiffs' Interrogatory No. 7, and Request for Production No. 6, to Bella Fiore Klinik. Defendant Bella Fiore Klinik is directed to produce the requested information, in accord with the Court's protective Order (dkt. # 68), and to have an update to Ms. Faryabi as to how long such production will take, no later than **January 31, 2022.**

        d.    Plaintiffs' Motion to Compel as to Request for Production No. 7 to Bella Fiore Klinik is GRANTED. Defendant Bella Fiore Klinik is directed to produce signed and correct copies of all agreements between Bella Fiore Klinik and Plaintiffs no later than **January 31, 2022**.

ORDER - 3

  e. Plaintiffs' Motion to Compel is GRANTED as to Request for Production No. 14 to Bella Fiore Klinik. Defendant Bella Fiore Klinik is directed to produce the requested 2017 tax documents no later than **January 31, 2022**.

  f. Plaintiffs' Motion to Compel is DENIED without prejudice as to Requests for Production Nos. 1-5, and 13 to Lumvi Skincare. Ms. Faryabi and Mr. Olsen are directed to meet and confer, and to come to an agreement as to the production of ESI in response to these requests, no later than **January 31, 2022.** *See* LCR 26(f)(1)(J) and (f)(3).

  g. Plaintiffs' Motion to Compel is GRANTED as to Requests for Production Nos. 7, 10, and 14 to Lumvi Skincare. Defendant Lumvi Skincare is directed to supplement its previous answers, and to produce the applicable financial documents, agreements and invoices from 2019 to the present time, no later than **January 31, 2022.**

  h. Plaintiffs' Motion to Compel is DENIED without prejudice as to Plaintiffs' September 8, 2021 Requests for Production Nos. 3-4, and 6 to Dr. Schaffner. Ms. Faryabi and Mr. Jacobs are directed to meet and confer, and to come to an agreement as to the production of ESI in response to these requests, no later than **January 31, 2022.** *See* LCR 26(f)(1)(J) and (f)(3).

  i. Plaintiffs' Motion to Compel is GRANTED as to Plaintiffs' September 14, 2021 Requests for Production Nos. 1-2, and 5 to Dr. Schaffner and Plaintiffs' September 14, 2021 Requests for Production Nos. 1-2, and 5 to

ORDER - 4

|   |   |   |
|---|---|---|
| 1 |   | Mr. Schaffner. Defendants shall identify, or otherwise produce, Dr. |
| 2 |   | Schaffner's W-2 forms, Dr. Schaffner's 2017 and 2020 tax returns, the |
| 3 |   | profit and loss statements for Sophia Health since 2017, and Mr. |
| 4 |   | Schaffner's requested W-2 forms and tax returns no later than **January** |
| 5 |   | **31, 2022.** |
| 6 | j. | Plaintiffs' Motion to Compel is DENIED as to Plaintiffs' September 14, |
| 7 |   | 2021 Request for Production No. 3 to Dr. Schaffner and as to Plaintiffs' |
| 8 |   | September 14, 2021 Request for Production No. 3 to Mr. Schaffner. |
| 9 |   | However, Mr. Jacobs shall assist Plaintiffs in identifying the K-1 |
| 10 |   | statements in Defendants' previously provided production no later than |
| 11 |   | **January 31, 2022.** |
| 12 | k. | Plaintiffs' Motion to Compel is DENIED as MOOT as to Plaintiffs' |
| 13 |   | September 14, 2021 Request for Production No. 4 to Dr. Schaffner, and |
| 14 |   | Plaintiffs' September 14, 2021 Request for Production No. 4 to Mr. |
| 15 |   | Schaffner. |
| 16 | l. | Plaintiffs' Motion to Compel is DENIED without prejudice as to |
| 17 |   | Plaintiffs' September 8, 2021 Request for Production Nos. 3-4 to Mr. |
| 18 |   | Schaffner. Ms. Faryabi and Mr. Olsen are directed to meet and confer, and |
| 19 |   | to come to an agreement as to the production of ESI in response to these |
| 20 |   | requests, no later than **January 31, 2022.** *See* LCR 26(f)(1)(J) and (f)(3). |
| 21 | m. | Plaintiffs' Motion to Compel is DENIED as to attorney's fees. |

(3) Defendants' Motion for Extension of Time (dkt. # 119) is GRANTED in part and DENIED in part. The Court hereby ORDERS the following revised pretrial schedule:

ORDER - 5

| Event | Date |
|---|---|
| All motions related to discovery must be filed by (*see* LCR 7(d)) | 4/1/2022 |
| Rebuttal expert disclosures under FRCP 26(a)(2) due | 4/18/2022 |
| Discovery to be completed by | 5/2/2022 |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 6/13/2022 |

(4) Defendants' Motion to Compel re: "Production of Documents and Answers to Interrogatories by Plaintiffs [Dr. Klinghardt] and Integrative Health Institute PLLC" and to Reopen Deposition (dkt. # 136) is STRICKEN without prejudice to refiling.

(5) Prior to the parties' filing of any additional discovery motions—or should any of the above-referenced matters remain unresolved after the parties' meet and conferral—the Court ORDERS the parties to proceed as follows:

    a. The parties must first engage in a meet and confer conference. If the conference does not resolve the dispute, then the party seeking a future discovery motion shall draft a letter brief no longer than two pages documenting its request for a discovery motion and provide it to the other party via electronic mail.

    b. After the nonmoving party has had at least 48 hours to review the letter, the moving party may file the letter with the Court.

    c. By noon the following business day, the nonmoving party shall file a letter brief no longer than two pages documenting why the Court should not hear the potential motion.

ORDER - 6

        d.        The Court will consider the parties' letter briefs and determine whether it will hear the matter as a telephonic motion pursuant to LCR 7(i), or as a standard discovery motion with full briefing, and inform the parties.

Dated this 26th of January, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7